**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOHN F. RAMSBACHER, TRUSTEE OF § <br> THE WRN LIQUIDATING TRUST f/k/a § <br> WHITE ROCK NETWORKS, INC., § <br> § <br> Plaintiff, § <br> § CIVIL ACTION NO. 2:07-CV-04 <br> v. § <br> § <br> FAIRCHILD SEMICONDUCTOR CORP., § <br> AND ARROW ELECTRONICS INC., § <br> § <br> Defendants. § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant Fairchild Semiconductor Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint and, in the Alternative, Motion for a More Definite Statement and Brief in Support (Dkt. No. 23) and related briefing.

**I.     Background**

The plaintiff brings claims against Fairchild Semiconductor Corporation ("Fairchild") and Arrow Electronics Inc. ("Arrow") for Deceptive Trade Practices Act ("DTPA") violations, negligence, fraud, fraudulent concealment, and strict product liability. These causes of action are based on allegations that Fairchild produced defective parts that were ultimately sold to White Rock through distributor Arrow. On August 10, 2007, the Court granted Plaintiff leave to file his Second Amended Complaint and denied Fairchild's motion to dismiss the First Amended Complaint without prejudice to refiling same after the Second Amended Complaint was filed. This motion followed.

**II.     Statement of the Law**

The legal standard for dismissing claims under Fed. R. Civ. P. 12 ("Rule 12") is well

established. The Supreme Court held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the plaintiff's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* at 1965. The court must assume that the allegations in the complaint are true. *See id*; *Neitzke v. Williams,* 490 U.S. 319 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 328. The "issue is not whether [the plaintiffs] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

**III.   Discussion**

    **A.   Subject Matter Jurisdiction**

As a general rule, business trust trustees, who have legal title, who manage the assets, and who control the litigation are real parties to controversy, and thus can invoke diversity jurisdiction of the Federal Courts on the basis of their own citizenship. *See Navarro Savings Association v. Lee*, 446 U.S. 458, 463 (U.S. 1980). "[C]itizenship for diversity purposes of bankruptcy trustees has always been the subject of a special rule: '[I]t is the citizenship of the bankrupt rather than the citizenship of the trustee in bankruptcy that is determinative for diversity jurisdiction.'" *Carlton v. Baww, Inc.*, 751 F.2d 781, 787 (5th Cir. 1985).

The defendants argue that the citizenship of White Rock, the bankrupt, not the citizenship

of the trustee, is relevant for purposes of diversity. The plaintiff asserts that there is a meaningful distinction between a liquidating trustee appointed under the Bankruptcy Code and trustee in bankruptcy appointed under that code. The court agrees. The bankruptcy plan related to this action has already been confirmed. Ramsbacher is the trustee of a liquidating trust, not a bankruptcy trustee as involved in *Carlton*. As such, his citizenship is determinative for diversity purposes. The court finds that it has diversity jurisdiction over this case.

### B. Plaintiff's Claims

#### 1. Fraud

To plead properly an action for fraud, a plaintiff must allege facts showing that: (i) the defendant made a false and material representation to the plaintiff; (ii) when the defendant made the representation, the defendant either knew the representation was false or made the representation recklessly, as a positive assertion, and without knowledge of its truth; (iii) the defendant made the representation with the intent that the plaintiff act on it; (iv) the plaintiff relied on the representation; and (v) the representation caused the plaintiff injury. *See In re FirstMerit Bank*, 52 S.W.3d 749, 758 (Tex. 2001). In addition, the plaintiff must plead "the circumstances constituting fraud or mistake . . . with particularity." Fed. R. Civ. P. 9(b) ("Rule 9(b)"). To satisfy the requirements of Rule 9(b), the plaintiff must set forth the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997).

The plaintiff's Second Amended Complaint fails to satisfy the pleading requirements to state a claim of fraud. Paragraph 6 of the Second Amended complaint merely states a conclusion without identifying the circumstances with particularity. *See* Second Amended Complaint at ¶ 6 ("The

defective Fairchild parts were purchased by White Rock from Arrow Electronics over a period of time.  No notice was ever given to White Rock by any company that the parts which had been purchased were defective in any manner, or were subject to failure at any time, constituting fraud on the part of the Defendants to White Rock, and fraudulent concealment of such defective parts."). These allegations are insufficient to plead fraud.

### 2. *Fraudulent Concealment*

For fraudulent concealment to apply, the plaintiff must prove:  (i) the defendant had actual knowledge of the wrong;  (ii) the defendant concealed the wrong by making a misrepresentation or by remaining silent when it had a duty to speak;  (iii) the defendant had a fixed purpose to conceal the wrong;  and (iv) the plaintiff reasonably relied on the misrepresentation or silence. *See Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001).  As with fraud, the plaintiff merely states a conclusion without identifying the circumstances with particularity. *See* Second Amended Complaint at ¶ 6. These allegations are therefore deficient.

### 3. *DTPA*

Like fraud, claims alleging violations of the DTPA may be subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b) when they are sufficiently intertwined with fraud claims. *See Kennard v. Indianapolis Life Ins. Co.*, 420 F.Supp.2d 601, 609 (N.D.Tex. 2006); *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F.Supp.2d 821, 825 (N.D.Tex. 2001).  In this case, however, the plaintiff's allegations of false, misleading or deceptive acts or practices appear to be separable from the fraud claims.  Therefore, they are not subject to Rule 9(b)'s heightened pleading standard.

Fairchild contends, however, that an upstream manufacturer or supplier cannot be liable to

a consumer under the DTPA when its misrepresentations are not communicated to the consumer. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649-52 (Tex. 1996) ("to the extent that the seller's DTPA liability is caused or contributed to by the otherwise actionable misconduct of upstream manufacturers or suppliers, the seller may seek contribution or indemnity against them"). Mindful that notice pleading under Rule 8 is the standard, the court concludes that the plaintiff has sufficiently pled the DTPA claims. Fairchild may urge this defense through a properly supported motion for summary judgment.

### 4. *Negligence and Strict Liability*

Fairchild argues that the plaintiff's negligence and strict liability claims cannot be sustained because the plaintiff has only suffered economic loss. *See Lubbock Mfg. Co. v. Sames*, 598 S.W.2d 234, 236 (Tex. 1980) (a strict products liability claim cannot be sustained where the plaintiff suffered only economic loss and did not suffer bodily injury or physical damage to other property); *American Eagle Ins. Co. v. United Techs. Corp.*, 48 F.3d 142, 144 (5th Cir. 1995). The plaintiff has sufficiently pleaded these claims, and, like the DTPA claim, the applicability of the economic loss rule is more appropriately the subject of a properly supported motion for summary judgment, filed after an adequate opportunity for discovery.

## IV. CONCLUSION

For the reasons stated above, the court concludes that it has subject matter jurisdiction over this action but the plaintiff has failed to satisfactorily state claims to which relief could be granted. The court therefore GRANTS-in-part and DENIES-in-part the Plaintiff's Motion to Dismiss (Dkt.

No. 23).  The plaintiff is ORDERED to amend its complaint within fifteen (15) days of this order.[1]

It is so ORDERED.

SIGNED this 31st day of March, 2008.

```
_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE
```

---

[1] A court may dismiss a claim for failing to comply with Rule 9(b), but "it should not do so without granting leave to amend, unless the defect is simply incurable or the *plaintiff has failed to plead particularity after being afforded repeated opportunities to do so*."  Hart v. Bayer Corp., 199 F.3d 239, 248 n. 6, (5th Cir. 2000) (emphasis added).